J-S01037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBIN DALE SHAW JR. | : | |
| | : | |
| Appellant | : | No. 750 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 17, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000334-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: AUGUST 13, 2024**

Appellant, Robin Dale Shaw Jr., appeals from the judgment of sentence entered following his guilty plea to dissemination of child pornography. In addition, on the basis that she has determined that the appeal is wholly frivolous, his attorney has filed a motion to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Because we agree with counsel's assessment, we grant the motion to withdraw and affirm.

In a criminal information filed April 25, 2022, the Commonwealth charged Appellant with crimes related to his distribution of over fifty videos containing child pornography. On January 12, 2023, Appellant entered a counseled open guilty plea to one count of dissemination of child pornography,

---

[*] Retired Senior Judge assigned to the Superior Court.

18 Pa.C.S. § 6312(c). On April 17. 2023, the trial court sentenced him to serve a term of incarceration of two to four years. Appellant filed a post-sentence motion for modification of his sentence, which the trial court denied. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

As noted, counsel has filed a motion to withdraw from representation and an **Anders** brief. Before we address any questions raised on appeal, we must consider counsel's request to withdraw. **See Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009) ("[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under **Anders** must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Tejada**, 176 A.3d 355, 359 (Pa. Super. 2017). In **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court addressed the second point of the **Anders** standard, i.e., the contents of the **Anders** brief, which requires that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 2 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, this Court then has a duty to conduct its own review of the lower court's proceedings and make an independent determination whether the appeal is wholly frivolous. *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006).

In this case, those directives have been satisfied. Within the motion to withdraw, counsel averred that she conducted a conscientious examination of the record in this case. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the *Anders* brief and motion to withdraw, as well as a letter, a copy of which is attached to the motion. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel. Appellant has not filed a response with this Court.

We now examine whether the *Anders* brief satisfies our Supreme Court's dictates in *Santiago*, and we determine that it is compliant. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has set forth the following issues that Appellant believes entitle him to relief:

Issue: Whether the sentencing court erred in denying Appellant's request to present additional mitigating evidence at his Sentencing Hearing?

Issue: Whether the sentencing court manifestly abused its discretion in denying Appellant's Motion of Modification of Sentence?

*Anders* Brief at 4 (reordered for ease of disposition).

We first address Appellant's claim that the sentencing court erred in denying a request to present additional mitigating evidence at the time of sentencing.[1] *See Anders* Brief at 12-13; Statement of Errors, 6/19/23, at 1. Nevertheless, in the *Anders* brief, counsel concedes that this claim is "factually inaccurate." *Id*. at 12. Review of the record confirms that conclusion.[2]

At Appellant's sentencing hearing, defense counsel stated to the court, "I have some additional information I'd like you to receive … ." N.T., 4/17/23, at 5. The sentencing court responded, "Go ahead, sir." *Id*. Thereafter,

_____

[1] "The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion." *Commonwealth v. Clemons*, 200 A.3d 441, 474 (Pa. 2019) (citation omitted).

[2] We note that after conceding the facts do not support this claim, Appellant's counsel included in the *Anders* brief a modified argument addressing the discretionary aspects of Appellant's sentence and whether the trial court adequately considered mitigating evidence. *See Anders* Brief at 12-15. We will address this modified claim in conjunction with Appellant's second issue.

- 4 -

counsel expounded upon information contained in Appellant's presentence investigation report and gave a detailed recitation of Appellant's difficult life circumstances. *Id*. at 5-9. Counsel concluded his statements with a request that the court review additional documents and a letter, and a suggestion that the court understand that Appellant is "beyond penitent." *Id*. at 9. Accordingly, the notion that the sentencing court denied a request to present additional mitigating evidence in Appellant's behalf as, implied in this issue, is belied by the record.

We next address Appellant's argument that the trial court abused its discretion in imposing his sentence, which is within the standard range of the sentencing guidelines. *See Anders* Brief at 10-12, 12-15. Appellant claims that in imposing a standard range sentence, the court failed to consider mitigating circumstances including his history and character, such as his commended military service and the fact that he was the victim of sexual abuse at various points in his life. He asserts that the trial court failed to consider pertinent factors in forming his sentence.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa.

Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the claim in a post-sentence motion, and included in his appellate brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next consider whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case

basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

Appellant contends the trial court abused its discretion by failing to consider mitigating factors pertaining to his commendable military service and his history of suffering from sexual abuse and need for treatment. *See Anders* Brief, at 10-15; Post-Sentence Motion, 4/27/23, at ¶¶ 6-11. This Court has held that an assertion that a sentence was excessive coupled with a claim that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)[3] raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). *See also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question")

---

[3] The factors to be considered under 42 Pa.C.S. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. *See* 42 Pa.C.S. § 9721(b).

(internal citation omitted). We therefore grant permission to appeal and proceed to review the merits of this issue.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Bankes**, 286 A.3d 1302, 1307 (Pa. Super. 2022). In this context, an abuse of discretion is not shown merely by an error in judgment. **See id**. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. **See id**.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position "to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime." **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). As we have stated, "[a] court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id**.

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted).

Our review of the record reflects, and it is undisputed that, at Appellant's sentencing hearing, the court received and reviewed a presentence report, considered argument from defense counsel, heard Appellant's allocution, and received argument from the Commonwealth. ***See*** N.T., 4/17/23, at 4-13. Prior to announcing the judgment of sentence, the court detailed its reasoning for imposing the sentence, which expressed an understanding of Appellant's history and an observation that Appellant was deflecting responsibility and lacked remorse. ***See*** N.T., 4/17/23, at 13-14. In addition, the court stated the following in its sentencing order: "The [c]ourt has received and reviewed a presentence investigation report …." Order, 4/17/23, at 1. The order also indicates the presentence report includes an investigation report and a large number of letters of support. ***See id***. The order further mentions the nature of the offense and reiterates "the fact that there were 52 videos of child pornography shared, some of which included videos of the most unimaginable child abuse … ." ***Id***.

In its written opinion, the trial court offered the following summation to support the sentence imposed:

Due to the serious nature of the charges, the fact that Appellant shared 52 videos of child pornography, some of which included scenes of the most unimaginable child abuse, and Appellant's lack of remorse, this [c]ourt found no reason to deviate downward into the mitigated sentencing range. Since this [c]ourt sentenced Appellant within the standard guideline range and considered mitigating factors as well as the factors in 42 Pa.C.S.[] § 9721(b), this [c]ourt did not abuse its discretion in imposing a two-to-four-year sentence and in denying Appellant's Motion for modification of Sentence.

Trial Court Opinion, 6/26/23, at 6.

We conclude the reasons the trial court offered for the sentence imposed were sufficient to determine the court properly considered all relevant factors in fashioning Appellant's standard range sentence. Also, because the court had been fully informed and relied upon the presentence report, it is our determination that the trial court did not abuse its discretion in creating the instant sentence. *Ventura*, 975 A.2d at 1133. Accordingly, Appellant's claim that the trial court failed to consider the appropriate factors in imposing his sentence lacks merit.

In summary, we agree with counsel that the challenge to the discretionary aspects of sentencing that Appellant wished to raise on appeal lacks merit. Further, we have reviewed the certified record and do not discern

any other claims that are non-frivolous.[4] Therefore, we grant counsel's motion

to withdraw and affirm Appellant's judgment of sentence.

Motion to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/13/2024

---

[4] As Appellant entered a guilty plea in this matter, the only additional issues he could have raised are challenges to the jurisdiction of the court that accepted his plea, the validity of the guilty plea, and the legality of the sentence. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020). The record is clear that there can be no meritorious challenge to the trial court's jurisdiction or the legality of Appellant's sentence, as the crime was committed in Adams County and Appellant's sentence was within the ten-year maximum applicable to second-degree felonies. *See* 18 Pa.C.S. § 1103(2). Furthermore, all of the essential components for a voluntary and knowing plea were covered within Appellant's written plea colloquy, and in any event, any challenge to the plea would be waived because it was not preserved in the lower court. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (requiring an objection during the plea colloquy or a motion to withdraw the plea within ten days of sentencing); *Commonwealth v. Pollard*, 832 A.2d 517, 522-23 (Pa. Super. 2003) (discussing the components of a valid guilty plea).